UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of HOLADAY-PARKS-FABRICATORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE AUSTIN COMPANY, an Ohio corporation, SEABOARD SURETY COMPANY, Payment Bond No. 368005 and ST. PAUL FIRE & MARINE INSURANCE COMPANY, Payment Bond No. 368005,<br><br>Defendants. | Case No. C05-5190RJB<br><br><br><br>ORDER ON HOLADAY-PARKS'S MOTION TO COMPEL DISCOVERY |

This matter comes before the court on Holaday-Parks's Motion to Compel Discovery. Dkt. 19. The court has considered the relevant documents and the remainder of the file herein.

This lawsuit arises out of a contract between a contractor, The Austin Company (Austin), and a subcontractor, Holaday-Parks Fabricators, Inc. (Holaday-Parks) related to the construction of MCA Deployment Facilities at Fort Lewis Washington (the project). On March 22, 2002, Austin entered into a subcontract with Holaday-Parks for design and installation of mechanical work on the project. Austin delivered to the Army a payment bond (No. 368005) issued by defendant Seaboard Surety Company (Seaboard) and defendant St. Paul Fire & Marine Insurance Company (St. Paul).

On March 15, 2005, Holaday-Parks filed suit against Austin, alleging that it experienced numerous delays during the course of the project attributable to Austin, and requesting additional compensation as a result of those delays. Dkt. 1. Holaday-Parks also sued Austin's sureties Seaboard and St. Paul; Holaday-Parks contends that it is an intended beneficiary of the payment bond. *Id.*

ORDER
Page - 1

1  On April 25, 2005, Austin filed an answer, and asserted counterclaims for breach of contract, alleging that Holaday-Parks failed to perform under the contract, resulting in delays that caused harm to Austin . Dkt. 7, at 3.

On July 6, 2005, Holaday-Parks served interrogatories and requests for production on Austin and St. Paul. On October 14, 2005, Austin filed a voluntary petition for bankruptcy relief under U.S.C. Title 11, in the United States Bankruptcy Court for the Northern District of Ohio.

## MOTION TO COMPEL

On November 7, 2005, Holaday-Parks filed a motion to compel, requesting that the court order Austin and St. Paul to respond to July 6, 2005 interrogatories and request for production.  Holaday-Parks requests that the court impose sanctions against Austin and St. Paul, pursuant to Fed.R.Civ.P. 37. Holaday-Parks contends that (1) without the documents and responses to interrogatories requested from Austin, this case would be impossible to prosecute; (2) without the discovery requested, it may be difficult for Holaday-Parks to defend against Austin's counterclaims; (3) production activities are not stayed by Chapter 11 rules; (4) St. Paul is unable to provide complete information related to the claims or counterclaims; and (5) pursuing additional discovery through St. Paul would require unnecessary effort.

On November 15, 2005, Holaday-Parks filed a document captioned "CR 37 Submission Regarding Request for Production [Reply]". Dkt. 21. Holiday-Parks later stated that this document was filed in error. Dkt. 24.

In its response to the motion to compel, defendants contend that (1) by the time this motion is reviewed by the court, St. Paul will have served its answers to Holaday-Parks discovery requests; and (2) all proceedings in this action against Austin are stayed, pursuant to 11 U.S.C. § 362. Dkt. 22.

On November 23, 2005, Holaday-Parks filed a reply, requesting that the court issue a revised order compelling St. Paul to (1) answer the interrogatories and (2) produce requests for production that are adequately organized and labeled to correspond with categories requested. Dkt. 24. Counsel for Holaday-Parks stated that, on November 21, 2005, he received a box of documents from defendants.  Counsel further contends that most of the documents were not labeled or indexed, and that some of the documents do not appear to be responsive to the matter at issue.  Counsel further stated that none of the interrogatories had been answered at the time he filed the reply.

ORDER
Page - 2

DISCUSSION

**1. Discovery Requests from St. Paul.** Defendants represented to the court that, by the time the court reviews this motion, St. Paul will have responded to the discovery requests at issue. As of the noting date of the motion, apparently no interrogatory responses had been received by Holaday-Parks. The court should grant the motion to compel and order St. Paul to respond to the interrogatories propounded on July 6, 2005. Holaday-Parks has now received documents from St. Paul. In its reply, Holaday-Parks asks that the court order St. Paul to produce documents "that are adequately organized and labeled to correspond with categories requested." Dkt. 24, at 1. This request was made as part of the reply, and St. Paul has not had the opportunity to respond. An order from the court compelling St. Paul to organize and label the documents is premature. However, the court expects the parties to work together to provide for meaningful exchange of discoverable materials, before another motion to compel is filed.

**2. Discovery Requests from Austin.** During the pendency of this action, Austin filed bankruptcy under Title 11 of the U.S. Bankruptcy Code.

11 U.S.C. § 362 provides in relevant part as follows:

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–

**(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

Under Section 362, filing of a bankruptcy petition operates as a stay of proceedings against the debtor. In this case, Austin filed bankruptcy after this action was filed. All proceedings against Austin are stayed pursuant to Section 362. In its reply, it appears that Holaday-Parks recognizes that proceedings against Austin have been stayed, and has abandoned its motion to compel with regard to Austin.

**3. Sanctions.** Holaday-Parks has requested that the court award sanctions against the defendants. Fed.R.Civ.P. 37(a)(4) provides as follows:

**(4) Expenses and Sanctions.**

1**(A)** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first

making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In its reply, Holaday-Parks provided documentation of legal expenses it incurred regarding the discovery dispute, and requests $2,937 in attorney's fees. Dkt. 24. This case has been complicated by Austin's bankruptcy proceeding and the automatic stay of proceedings against Austin. It appears that most of the discussion in this discovery dispute related to Austin's responsibilities in responding to discovery. Nonetheless, St. Paul had an independent duty to respond to the discovery requests propounded to it. St. Paul has provided documents in response to the request for production, but not until after this motion to compel was filed, months after the responses were due. Responses to interrogatories still have not been received by Holaday-Parks. The court notes that St. Paul has not had the opportunity to respond to Holaday-Parks' request for the specific dollar amount of $2,937 in sanctions. Nonetheless, it appears that a reasonable sanction against St. Paul for failing to timely respond to the discovery requests in this matter should be $1,000.

**4. Proceedings Not Subject to Automatic Stay.** Proceedings against Seaboard and St. Paul are not stayed by the automatic stay provisions of 11 U.S.C. § 362. However, it appears to the court that it may be difficult for Holaday-Parks to develop the basis for its claims against Seaboard and St. Paul. It also appears that Seaboard and St. Paul's liability, as the issuers of the bond, will depend upon whether Austin is liable for damages; a determination of Austin's liability is not possible at this point because proceedings against Austin, including the obligation to respond to discovery requests, are stayed. Further, because of the automatic stay, Holaday-Parks may not be able to defend against Austin's counterclaims, which are intertwined with the now-stayed claims against Austin. It therefore appears that perhaps the court should stay these proceedings until the automatic stay against Austin is lifted. The parties should be directed to show cause why this case should not be stayed until the automatic stay in bankruptcy is lifted.

Therefore, it is hereby

**ORDERED** that Holaday-Parks's Motion to Compel Discovery (Dkt. 19) is **GRANTED** in the following respect:   St. Paul is **ORDERED** to respond **FORTHWITH** to the interrogatories propounded on July 6, 2005. Holaday-Parks's request for sanctions is **GRANTED,** and St. Paul is **ORDERED** to pay $1000 to Holaday-Parks. Not later than December 16, 2005, the parties are **ORDERED** to show cause, if

ORDER
Page - 4

any they may have, in writing, why these proceedings should not be stayed until the automatic stay is lifted in the bankruptcy proceedings against Austin. If the parties fail to respond to this order to show cause, or if they otherwise fail to show cause as directed herein, the court will stay this case until the automatic stay against Austin is lifted in the bankruptcy proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of November, 2005.

Robert J. Bryan
United States District Judge