UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of HOLADAY-PARKS-FABRICATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE AUSTIN COMPANY, an Ohio corporation, SEABOARD SURETY COMPANY, Payment Bond No. 368005 and ST. PAUL FIRE & MARINE INSURANCE COMPANY, Payment Bond No. 368005, <br><br> Defendants. | Case No. C05-5190RJB <br><br> ORDER |

This matter comes before the Court on review of the file following the court's order to show cause. Dkt. 25. The court has considered the responses of plaintiff Holaday-Parks-Fabricators (Holaday-Parks) and of defendants Seaboard Surety Company (Seaboard) and St. Paul Fire & Marine Insurance Company (St. Paul), and the remainder of the file herein.

PROCEDURAL HISTORY

As a preliminary matter, the court notes a discrepancy in the record in the spelling of Seaboard. The company is referred to as Seaboard in the caption of the case, and in Holaday-Parks' pleadings; defendants' pleadings refer to the company as Seabord.  The court will use the spelling in the caption of the case, until it is changed upon motion or stipulation of the parties.

This lawsuit arises out of a contract between a contractor, The Austin Company (Austin), and a subcontractor, Holaday-Parks Fabricators, Inc. (Holaday-Parks) related to the construction of MCA Deployment Facilities at Fort Lewis Washington (the project).  On March 22, 2002, Austin entered into a subcontract with Holaday-Parks  for design and installation of mechanical work on the project.  Austin

ORDER
Page - 1

delivered to the Army a payment bond (No. 368005) issued by defendant Seaboard Surety Company (Seaboard) and defendant St. Paul Fire & Marine Insurance Company (St. Paul).

On March 15, 2005, Holaday-Parks filed suit against Austin, alleging that it experienced numerous delays during the course of the project attributable to Austin, and requesting additional compensation as a result of those delays. Dkt. 1. Holaday-Parks also sued Austin's sureties Seaboard and St. Paul; Holaday-Parks contends that it is an intended beneficiary of the payment bond. *Id.* On April 25, 2005, Austin filed an answer, and asserted counterclaims for breach of contract, alleging that Holaday-Parks failed to perform under the contract, resulting in delays that caused harm to Austin . Dkt. 7, at 3.

On October 14, 2005, Austin filed a voluntary petition for bankruptcy relief under U.S.C. Title 11, in the United States Bankruptcy Court for the Northern District of Ohio. Pursuant to 11 U.S.C. § 362, all proceedings in this case against Austin are stayed during the pendency of the bankruptcy proceedings.

On November 28, 2005, the court ordered the parties to show cause, not later than December 16, 2005, why this matter should not be stayed until the automatic stay against Austin is lifted in the pending bankruptcy proceedings. Dkt. 25.

On December 15, 2005, Holaday-Parks filed a response to the order to show cause, arguing that a stay of these proceedings works to its disadvantage because (1) the claims and defenses asserted in this case are fact intensive; (2) gathering information is difficult because of the stay imposed by Austin's bankruptcy filing; (3) Austin failed to provide timely information to its sureties, Seaboard and St. Paul; (4) a delay in proceeding in this case will result in inability of the parties to respond to discovery requests and to loss of records; (5) Austin did not assist Seaboard and St. Paul in responding to Holaday-Parks' discovery requests before Austin filed for bankruptcy; (6) a company's Chapter 11 status alone cannot justify failure to cooperate with or assist its sureties by producing key business records; (7) Austin is now a functioning organization and is presumably preparing a Plan of Reorganization that is due in the bankruptcy court (U.S. Bankruptcy Court, No. Dist. Of Ohio, Eastern Division, Cause No. 05-93363) sometime in 2006; and (8) in the event that Austin converts to a Chapter 7 bankruptcy, discovery will be further impaired if the court imposes a stay. Dkt. 26. Holaday-Parks requests that the court direct Holaday-Parks, Seaboard and St. Paul to prepare a discovery plan that reasonably accomplishes the discovery needs of these parties.

On December 16, 2005, Seaboard and St. Paul filed a response to the order to show cause, requesting that the court stay the proceedings due to Austin's bankruptcy. Seaboard and St. Paul argue that (1) the cause of action against the sureties is intertwined with the claims against Austin; (2) Austin's defense counsel has experienced unforeseen difficulty conferring with Austin for purposes of responding to discovery; and (3) none of the parties has any ability to litigate the claims and counterclaims because all proceedings against Austin are stayed by the bankruptcy. Dkt. 27.

DISCUSSION

The automatic stay of 11 U.S.C. 362(a)(1) prevents the "commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case. All proceedings in this case against Austin are therefore stayed. However, that does not mean that proceedings in this case against Seaboard and St. Paul are automatically stayed. *See United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491 (9th Cir.1993) ("Ordinarily, ... unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties.").

Holaday-Parks contends that the proceedings in this case against the sureties should continue, even if the proceedings against Austin are stayed by the bankruptcy. The court agrees. A bond ensures that the intended beneficiary of the bond is paid in the event that the purchaser of the bond does not pay the beneficiary. The bond protects the beneficiary in circumstances such as this, in which the purchaser of the bond is insolvent and declares bankruptcy. The bond also should protect a beneficiary from being further injured by being required to wait for payment of the bond until bankruptcy proceedings against the primary debtor are concluded. Holaday-Parks should be permitted to proceed against Seaboard and St. Paul in this case.

The court recognizes that discovery in this case may be difficult due to the inability to obtain information from Austin and its employees. That is true for both the claims and the counterclaims. Putting aside any of the court's concerns about conflict of interest by counsel for Austin, Seaboard and St. Paul, any of the parties may request partial relief in bankruptcy court from the automatic stay to pursue discovery that is relevant to the issues in the case before this court. The parties may also request other relief from the bankruptcy trustee as it relates to prosecution of Austin's counterclaims.

ORDER
Page - 3

The court should stay all proceedings in this case against Austin. The court should deny Seaboard and St. Paul's requests for a stay of these proceedings. This case should go forward against Seaboard and St. Paul.

Therefore it is hereby **ORDERED** that all proceedings in this case against The Austin Company are **STAYED** until the automatic stay in U.S. Bankruptcy Court, No. Dist. Of Ohio, Eastern Division, Cause No. 05-93363, has been lifted. Not later than thirty days after any such stay of proceedings in the bankruptcy case is lifted, other than for the limited purposes of conducting discovery in this case as authorized by the bankruptcy court, Holaday-Parks is **ORDERED** to inform the court whether it intends to prosecute this action against The Austin Company, or whether The Austin Company should be dismissed as a defendant. The requests of Seaboard Surety Company and St. Paul Fire & Marine Insurance Company to stay this case are **DENIED**. This case shall proceed as ordered in the court's scheduling orders.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of December, 2005.

Robert J. Bryan
United States District Judge